# UNITED STATES DISTRICT COURT

FOR THE _____ District of _____ PUERTO RICO

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| **Juan J. ZUÑIGA-BRUNO** | Case Number: 99-CR-295-01 (DRD) |
| aka "Perla" | USM Number: 14887-069 |

**Date of Original Judgment:** 05/23/2003      José R. Franco, Esq.
**(Or Date of Last Amended Judgment)**                 Defendant's Attorney

**Reason for Amendment:**

X  Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2)) AS TO COUNT FOUR (4)
☐  Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐  Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐  Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐  Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐  Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐  Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐  Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐  Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐  pleaded guilty to count(s) _____
☐  pleaded nolo contendere to count(s) _____
   which was accepted by the court.
X  was found guilty on count(s)  One (1), Two (2), Three (3), Four (4) and Five (5)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1951(a) | Conspiracy to interfere with commerce by threats and violence. | 01/31/1995 | One (1) |
| 18 U.S.C. § 924(j) and 2 | Aiding and abetting in the use of a firearm during and in relation to a crime of violence resulting in death. | 01/31/1995 | Two (2) |
| 18 U.S.C. § 2119(1) and 2 | Aiding and abetting in a carjacking. | 01/31/1995 | Three (3) |
| 18 U.S.C. § 1203(a)(b)(2) | Conspiracy to commit hostage taking resulting in death. | 01/31/2005 | Four (4) |
| 18 U.S.C. § 1513(a)(1)(B) and § 2 | Aiding and abetting in the retaliation against a witness, victim, informant resulting in death. | 01/31/2005 | Five (5) |

The defendant is sentenced as provided in pages 2 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____
☐  Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 14, 2005
Date of Imposition of Judgment

s/ DANIEL R. DOMINGUEZ
Signature of Judge

DANIEL R. DOMINGUEZ, U.S. DISTRICT JUDGE
Name and Title of Judge

July 14, 2005
Date

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
        Sheet 2 — Imprisonment                                          (NOTE: Identify Changes with Asterisks (*))

Judgment — Page  2  of  4

DEFENDANT:        **Juan J. ZUÑIGA-BRUNO**
CASE NUMBER:   **99-CR-295-01 (DRD)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :       **(*) 240** months as to Count One (1), **180** months as to Count Three (3), **60 months as to Count Four (4) (Time already served as to this count only)**, and **LIFE IMPRISONMENT** as to each of Counts Two (2), and Five (5), said terms to be served concurrently with each of counts One (1) through Five(5).

X   The court makes the following recommendations to the Bureau of Prisons:
     It is recommended that FCC Coleman be designated for the servicing of this sentence.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release (NOTE: Identify Changes with Asterisks (*))

Case 3:99-cr-00295-DRD   Document 521   Filed 07/14/2005   Page 3 of 5

Judgment—Page 3 of 4

DEFENDANT: **Juan J. ZUÑIGA-BRUNO**
CASE NUMBER: **99-CR-295-01 (DRD)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : THREE (3) YEARS as to Counts One (1), and Three (3), and FIVE years as to Counts Two (2), Four (4), and Five (5), said terms to be served concurrently with each other. UNDER THE FOLLOWING TERMS AND CONDITIONS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to a drug test within 15 days of release from imprisonment, and thereafter submit to a random test, not to exceed 104 samples per year in accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court. If any such samples detects substance abuse, the defendant shall participate in a drug treatment program (in patient or out patient) in accordance with such policy.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

Case 3:99-cr-00295-DRD   Document 521   Filed 07/14/2005   Page 4 of 5

AO 245C  (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release                                                                                (NOTE: Identify Changes with Asterisks (*))

Judgment—Page   3a   of   4

DEFENDANT:        **Juan J. ZUÑIGA-BRUNO**
CASE NUMBER:  **99-CR-295-01 (DRD)**

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to a drug test within 15 days of release from imprisonment, and thereafter submit to a random test, not to exceed 104 samples per year in accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court. If any such samples detects substance abuse, the defendant shall participate in a drug treatment program (in patient or out patient) in accordance with such policy. The defendant is required to contribute to the cost of services rendered (co-payment) based on the ability to pay or availability of third party payments, as approved by the Court.

AO 245C  (Rev. 12/03) Amended Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties                                  (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __4__ of __4__

DEFENDANT:     **Juan J. ZUÑIGA-BRUNO**
CASE NUMBER:   **99-CR-295-01 (DRD)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 250.00       | $ N/A    | $ N/A           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

TOTALS              $ _____        $ _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for     ☐ fine    ☐ restitution.

  ☐ the interest requirement for the     ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.